1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS | Case No. C24-640-RSM |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| JULIE DECAMP, | |
| Defendant. | |

9

10

11

12

13

14     Pro se Plaintiff Myriam Zayas was granted leave to proceed in forma pauperis in this

15 matter on May 10, 2024.  Dkt. #4.  The Complaint has been posted on the docket.  Dkt. #5.

16 Summons has not yet been issued.

17     Ms. Zayas brings this action against Julie DeCamp for "US[ing] HER AUTHORITY TO

18 REMOVE [her] CHILD WITH NO PREDEPRIVATION HEARING and using a dependency

19 order from 2 years ago."  *Id*. at 4.  Ms. Zayas alleges the following:

20      On or about April 30th, 2024, my 9-year-old child was removed from her
       elementary school by Julie [DeCamp] under direct orders of Sylvia Howard and
21      approved by [J]udge McCoy who knew there was no pre deprivation hearing and
       Julie used a 2 year old Dependency court order to perform this removal.  The
22      allegations were that I did not complete services from two years ago.  Julie knows
       Sylvia Howard is a racist and hates me because [I] am white with black children,
23      but she is too afraid to speak up[;] she has been doing whatever [S]ylvia wants and
       she obviously never reads the law either.  RCW 13.34.138(1)[.]  The status of all
24      children found to be dependent shall be reviewed by the court at least every six

ORDER OF DISMISSAL - 1

months from the beginning date of the placement episode or the date dependency is established, whichever is first.  The purpose of the hearing shall be to review the progress of the parties and determine whether court supervision should continue. That 2 year old dependency order is not a valid removal order and no pre-deprivation hearing violates my constitutional right to procedural and substantive due process.

*Id*.  Ms. Zayas alleges emotional, mental, financial, and other injuries due to the alleged violations of Ms. Zayas' rights "guaranteed under 42 U.S.C.A. § 1983 and the United States Constitution, including the Fourteenth Amendment, Due Process Clause, and Equal Protection Clause." *Id*. at 5.  For relief, Ms. Zayas states:

> Ms. DeCamp "to leave me alone[;] she has been harassing me for so many years and she's under the direct orders of an African American Sylvia Howard who hates me because I'm white and she knows this and she still supports it[;] she needs to be put in prison for traumatizing my 2 year old and my 9 year old[.]  [S]he remove[d] both of my children last week without valid court orders without pre hearings without anything.  Julie [DeCamp] needs to be in prison right now[.]  [S]he committed crimes and she's supporting racism and eye color discrimination.

*Id*.  Ms. Zayas requests that this Court "create an injunction restraining defendant from ever contacting me or any of my children ever again.  Sylvia Howard works directly through her both of them shall be arrested." *Id*.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

As it currently stands, Ms. Zayas' Complaint fails to state a claim upon which this Court may grant relief.  Ms. Zayas states that her child was removed pursuant to an order "approved by [J]udge McCoy[.]"  Dkt. #5 at 4. The Complaint appears to relate to a family law matter or enforcement of state court orders involving children, which is outside of federal subject matter jurisdiction both because family law matters are handled by the states and because federal court review of state court decisions is barred under the *Rooker-Feldman* doctrine.  See Exxon Mobil

1    Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (The *Rooker-Feldman* doctrine

2    applies to "cases brought by state-court losers complaining of injuries caused by state-court

3    judgments rendered before the district court proceedings commenced and inviting district court

4    review and rejection of those judgments.").  "While rare instances arise in which it is necessary

5    to answer a substantial federal question that transcends or exists apart from the family law issue,

6    in general it is appropriate for the federal courts to leave delicate issues of domestic relations to

7    the state courts." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004).

8            In sum, Ms. Zayas' Complaint fails to state a claim upon which relief by this Court can

9    be granted.  See 28 U.S.C. § 1915(e)(2)(B).  Accordingly, the Court hereby finds and ORDERS

10   that Plaintiff's claims are DISMISSED.  This case is CLOSED.

11

12           DATED this 16th day of May, 2024.

13

14                                                   RICARDO S. MARTINEZ
                                                     UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

ORDER OF DISMISSAL - 3